**Robert D. ALVIS, Plaintiff–Appellant,**

v.

**AT & T INTEGRATED DISABILITY SERVICE CENTER, individually and as administered by Sedgwick CMS; Sedgwick CMS; AT & T Income Disability Plan, Defendants–Appellees.**

No. 09–16048.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 2010.

Filed April 27, 2010.

Phillip A. Cooke, Esquire, Law Offices of Phillip A. Cooke, Yuba City, CA, for Plaintiff–Appellant.

Susan T. Kumagai, Esquire, Rebecca K. Kimura, Glen Elliot Turner, Lafayette & Kumagai, LLP, San Francisco, CA, for Defendants–Appellees.

Before: SCHROEDER and RAWLINSON, Circuit Judges, and MOODY, Senior District Judge.*

### MEMORANDUM **

Appellant Robert D. Alvis (Alvis) appeals the district court's decision granting summary judgment in favor of AT & T Integrated Disability Service Center (AT & T IDSC).

■ We have previously held that "[w]hen an administrator can show that it has engaged in an ongoing, good faith exchange of information between the administrator and the claimant, the court should give the administrator's decision broad deference notwithstanding a minor irregularity." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 972 (9th Cir. 2006) (en banc) (citations and internal quotation marks omitted). AT & T IDSC consistently contacted Alvis and informed him that his additional evidence did not meet the disability plan requirements for demonstrating the existence of a disabling condition. Consequently, we conclude that AT & T IDSC engaged in the type of dialogue mandated by ERISA, and its decision is entitled to deference. *See id.*

■ We also conclude that AT & T' IDSC's decision was reasonable because,

in denying Alvis' claim, AT & T IDSC relied upon two independent physicians who reviewed all the medical records. *See Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 629 (9th Cir.2009), *as amended* ("In the absence of a conflict, judicial review of a plan administrator's benefits determination involves a straightforward application of the abuse of discretion standard .... [and] can be upheld if it is grounded on *any* reasonable basis.") (citations and internal quotation marks omitted) (emphasis in the original).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.